IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-08-797-001 |
| | § | CIVIL ACTION NO. H-11-1163 |
| FERNANDO GONZALEZ | § | |

## MEMORANDUM OPINION AND ORDER

Defendant, a federal inmate, filed this section 2255 proceeding challenging his guilty plea and sentence for possession of child pornography (Docket Entry No. 47). The Government filed a motion for summary judgment (Docket Entry No. 58), and Defendant's trial counsel submitted an affidavit (Docket Entry No. 59). The Government served Defendant a copy of the motion at his address of record, but Defendant has failed to file a response to, or otherwise oppose, the motion for summary judgment.

Based on careful consideration of the section 2255 motion, the Government's dispositive motion, trial counsel's affidavit, the record, and the applicable law, the Court **GRANTS** the Government's motion for summary judgment and **DENIES** the section 2255 motion, as follows.

## I. BACKGROUND AND CLAIMS

On July 2, 2009, Defendant entered a plea of guilty to charges of possession of child pornography, without a written plea agreement. On March 31, 2010, he was sentenced to 87 months incarceration and a lifetime of supervised release. Judgment was entered on

April 7, 2010, and no direct appeal was taken. The Government agrees that Defendant's section 2255 motion is timely filed.

Defendant complains of ineffective assistance of trial counsel in the following particulars:[1]

(1)     counsel failed to provide meaningful pretrial advice;

(2)     counsel failed to prepare him for sentencing;

(3)     counsel failed to move for application of the "safety valve" at sentencing; and

(4)     counsel failed to perfect a direct appeal of the judgment.

## II.  STANDARD OF REVIEW

Following a conviction and exhaustion or waiver of the right to direct appeal, a defendant stands presumed fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991).  As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice.  *Id.*  Other types of error may not be raised under section 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Gaudet*, 81

---

[1]Defendant also appears to claim that the Clerk of Court failed to provide him a copy of the Court's docket sheet. This does not raise an issue of constitutional dimension regarding the plea or sentence, and fails to present a viable section 2255 claim.

F.3d 585, 589 (5th Cir. 1996). A collateral challenge may not do service for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982).

Thus, before a court may grant relief pursuant to section 2255, the movant must establish one of the following: (1) the sentencing court imposed the sentence in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.

## III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

To prevail on claims of ineffective assistance of counsel, a defendant must show that counsel's performance was so defective that it prejudicially violated his constitutional right to effective assistance of counsel. A defendant must satisfy a two-pronged test under the familiar standard of *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first prong, a defendant must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687–88. The defendant must overcome the strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* Under the second prong, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* The Fifth Circuit Court of Appeals has held that, under *Strickland*, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates

the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002).

Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. It is the defendant's burden to overcome the strong presumption of reasonableness. *Id.* In deciding a claim of ineffective assistance, the court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. *Id.* at 690. *Strickland* demands that the likelihood of a different result "must be substantial, not just conceivable." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 792 (2011).

The duty of defense counsel to a defendant who desires to enter a plea of guilty is to ascertain that the plea is voluntarily and knowingly made. *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984). The two-prong test *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). A movant must show that he did not understand the nature of a constitutional protection he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Thus, if a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376–77 (5th Cir. 1983). Mere conclusory allegations of

4

ineffectiveness are insufficient to raise a constitutional issue in context of a habeas proceeding. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989).

A.   Meaningful Pretrial Advice

Defendant claims that trial counsel failed to provide him "meaningful pretrial advice" in that Defendant had too little notice of the hearing "to prepare himself" and prepare what he himself would say to the Court. Defendant's allegations of ineffective assistance under this claim are vague and generalized, and focus primarily on what he perceived to be "inconsiderate" actions by trial counsel in not giving him more notice of the hearing. Defendant does not show that he had inadequate time to prepare, or that it was trial counsel's fault he was unable to decide what he wanted to say to the Court. Defendant states only that, had he reminded the Court that he attended every state court hearing and did not run away from the federal proceedings, it might possibly have changed the outcome of the sentence.

Defendant's arguments afford him no basis for relief. This Court was aware that Defendant had been granted a pretrial bond and that he did not breach the bond, as trial counsel brought these and other relevant facts to the Court's attention at the hearing. Defendant fails to identify any meaningful pretrial advice that counsel failed to provide, and fails to show that, but for counsel's alleged deficiency, the result of the proceeding would have been different. Neither deficient performance nor actual prejudice is shown, and habeas relief is not warranted.

B.    Preparation for Sentencing

Defendant argues that he was unprepared for the sentencing hearing, but he again fails to provide any specifics. The record shows that Defendant had ample time to prepare. The hearing was reset twice to allow a psychologist to interview Defendant and prepare a report, and the actual hearing was not held until nine months after Defendant's plea hearing. The sentencing record itself discloses no support for Defendant's claim. Defendant spoke to the Court in a well-prepared, organized manner, informing the Court of issues and facts he wished the Court to consider in sentencing him. Trial counsel elicited Defendant's testimony that he had been released on pretrial bond at the state level and had complied with the bond, and that he had not lapsed back into possessing pornography. (Docket Entry No. 56, pp. 3–7). Neither Defendant nor the record reveals any support for Defendant's claim for lack of preparation.

Defendant fails to establish deficient performance or actual prejudice under *Strickland*, and he is not entitled to habeas relief on this claim.

C.    "Safety Valve" at Sentencing

Defendant next argues that trial counsel should have asked for application of the safety valve provision at sentencing. However, as correctly noted by the Government, 18 U.S.C. § 3553(f) precludes application of the safety valve provision to child pornography cases. It is undisputed that the collection of pornography images involved in this case included images of child pornography.

6

Defendant admits that trial counsel told him that he did not qualify for the safety valve provision, and he fails to show that counsel's advice was erroneous. Defendant establishes neither deficient performance nor actual prejudice under *Strickland*, and habeas relief is not warranted on this claim.

D.     Direct Appeal

In his final claim, Defendant contends that trial counsel failed to perfect a direct appeal following his guilty plea and sentencing. The record shows that the Court informed Defendant at the end of the hearing on March 31, 2010, that he had ten days to file a notice of appeal or a waiver of appeal. (Docket Entry No. 56, p. 24.) Defendant argues that he reasonably assumed trial counsel would file a notice of appeal.

In his affidavit filed with the Court for purposes of this section 2255 proceeding, trial counsel testifies as follows:

> I met with Mr. Gonzalez numerous times in reference to this case. We met often and discussed his case even as it was pending in state court. He was made aware that his case was changing from a state to a federal one.
>
> When the change came, I assisted him as his attorney on dealing with the issues of bond.
>
> I had, before the case was federal, referred him to a Psychologist for evaluation and possible treatment.
>
> Once I was on his federal case, I met with the prosecutor and reviewed the evidence. Given the nature of child pornography, I never had a copy of it. I did go over the material with Mr. Gonzalez. He was familiar with the material. I also went over the indictment and the elements.

After the review, we discussed the possible pleas and the sentencing guidelines.

I advised him of the nature of the guidelines being advisory and how the plea and then the report was done.

*Mr. Gonzalez wanted to reserve his right to appeal. I informed him that this would be a mistake and cost him a higher sentence without any real hope on appeal. An appeal was pointless once he pled guilty.*

I represented him at his punishment hearing. Prior to that I had reviewed the Presentence Report with him and possible objections.

*I was never hired to do his appeal. He informed me he was going to hire his own appellate lawyer.*

I don't recall for sure at the end of the sentencing hearing that I alerted the court as to his desire to appeal. I thought I did.

(Docket Entry No. 59, emphasis added.)

Trial counsel did notify the Court at the sentencing hearing that Defendant wished to preserve his right to appeal. Defendant acknowledged in open court his awareness that waiving his appeal would give him another one-level reduction for sentencing purposes, and that it was his desire to go ahead and maintain his right to appeal. (Docket Entry No. 56, p. 8.)

It is clear from the record that counsel fulfilled his duty to consult with Defendant regarding an appeal, and Defendant does not controvert trial counsel's affidavit testimony that Defendant stated he would be hiring his own appellate lawyer. As recently confirmed by the Fifth Circuit Court of Appeals, "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally

unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *See U.S. v. Cong Van Pham*, 722 F.3d 320, 323–24 (5th Cir. 2013), quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (200).  Defendant does not state that he affirmatively instructed trial counsel to file a notice of appeal, and no deficient performance is shown.  *See Flores-Ortega*, 528 U.S. at 477 ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.").

Defendant is not entitled to habeas relief on this claim.

## IV.  CONCLUSION

The Government's motion for summary judgment (Docket Entry No. 58) is **GRANTED**, and Defendant's section 2255 motion (Docket Entry No. 47) is **DENIED**.  A certificate of appealability is **DENIED**.

The Clerk of Court is **ORDERED** to terminate and close Defendant's related civil case, C.A. No. H-11-1163.

Signed at Houston, Texas, on this the 8th day of July, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

9